# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| JAN THOMPSON ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | CIVIL ACTION NUMBER |
| ) | |
| SENTRY CREDIT, INC., ) | **JURY TRIAL DEMANDED** |
| ) | CV-08-J-1294-S |
| ) | |
| DEFENDANT. ) | |

## COMPLAINT

This is an action brought by the Plaintiff, JAN THOMPSON, for actual and statutory damages, attorney's fees, and costs for Defendants' violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive and unfair debt collection practices. Plaintiffs also seek compensatory and punitive damages for the Defendant's violations of Alabama's common laws set forth herein.

### JURISDICTION AND VENUE

This Court has jurisdiction under 15 U.S.C. § 1692k (d), and 28 U.S.C. § 1331, § 1332, and § 1367. Venue is proper in that the Defendants transacted business here, and the Plaintiffs reside here.

### PARTIES

1. The Plaintiff, Jan Thompson, ("Plaintiff" or "Thompson") is a resident and citizen of the state of Alabama, Jefferson County, and is over the age of twenty-one (21) years.

2. The Defendant, Sentry Credit, Inc. ("Sentry") is incorporated in the state of Washington with a principal office in Everett, Washington. The Defendant was, in all respects and at all times relevant herein, doing business in the state of Alabama and in this District. The Defendant is engaged in the business of collecting consumer debts from consumers residing in Jefferson County, Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

3. Beginning in the spring of 2008, Defendant Sentry began a campaign of harassment against the Plaintiff in an effort to collect a debt allegedly owed to Nordstrom FSB.

4. The debt allegedly owed to Nordstrom FSB was incurred for personal, family, or household services, and was a "debt" as defined by the FDCPA at 15 U.S.C. § 1692a(5).

5. In the spring of 2008, an agent or employee of Sentry calling herself "Shana Ray" ("Ray") contacted Plaintiff with regard to this alleged debt. In the course of the conversation, Shana Ray used abusive language and threatened that a lien would be put on Plaintiff's home if the debt was not promptly paid.

6. On or about July 9, 2008, Sentry sent a letter to Plaintiff regarding this alleged debt. This letter is attached as **"EXHIBIT A."**

7. Despite having Plaintiff's correct mailing address and phone number, on or about the week of July 7, 2008, Defendant contacted Plaintiff's neighbor. Ray, as an agent or employee of Sentry, spoke with Mr. George King, Plaintiff's neighbor's father-in-law who was house sitting at the time of the call. Ray asked Mr. King to deliver a message to Plaintiff to the effect that Plaintiff needed to call "Shana" as soon as possible at (425) 258-5188. The note written by Mr. King and delivered to the Plaintiff is attached as **"EXHIBIT B."**

8. Despite having Plaintiff's correct contact information, on or about July 12, 2008, Ray, as an agent or employee of Sentry, contacted Plaintiff's other neighbor, Sandra Fuller and left the following message for

Mrs. Fuller:

"Hello my name is Shana Ray I'm actually trying to reach Jan Thompson at 609 Founders Park Drive in Birmingham, Alabama. I don't know if I have the right number or not but if you know Jan Thompson please have her call me back as soon as possible it is very, very important that she get in touch with me 800-608-2581 extension 3188 or direct dial is (425) 258-5188. Again my name is Shana Ray and this is for Jan Thompson at 609 Founders Park Drive in Birmingham, Alabama. Thank you so much."

9. Also in July 2008, again, despite having Plaintiff's correct contact information, Shana Ray, as an agent or employee of Sentry, also contacted David Matthews, Jan Thompson's brother. Mr. Matthews resides in Baltimore, Maryland. Ray left a message on Mr. Matthews' answering machine which stated in pertinent part:

"Please have Jan give me a call back as soon as possible. My number is 800-608-2581 extension 3188. This is not a sales call it is regarding a personal matter of Jan's and it does require immediate attention. Again my number is 800-608-2581 extension 3188 and Jan's ID number is 1099055. Thank you."

10. Defendants' actions have caused the Plaintiff embarrassment and mental anguish.

## COUNT ONE
## FAIR DEBT COLLECTION PRACTICES ACT

11. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

12. The Defendants have engaged in collection activities and practices in violation of the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA") with respect to the Plaintiff's alleged consumer debt.

13. The Defendants used false representations and/or deceptive means to attempt to collect a debt or obtain information concerning the Plaintiff in violation of § 1692e(11).

14. The Defendants violated § 1692f by using unfair and/or unconscionable means to attempt to collect a debt.

15. The Defendants violated § 1692c(b) by communicating with third-parties without the prior consent of the consumers or the express permission of a court when Defendants knew or should have known Plaintiffs' correct contact information.

16. The Defendants violated § 1692g by failing to provide the statutory validation notice within 5 days of the initial communication with Plaintiffs.

17. The Defendants violated § 1692b(3) by communicating and continuing to communicate with third parties when the Defendants knew or should have known Plaintiffs' correct contact information.

18. As a proximate result of the Defendants' actions, the Plaintiffs were caused to suffer actual damages for worry, embarrassment, anxiety, nervousness, and mental anguish.

## COUNT TWO
## NEGLIGENT TRAINING AND SUPERVISION

19. The Plaintiffs adopt the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

20. The Defendant knew or should have known the status of the alleged debt and of the conduct set forth herein which was directed at and visited upon the Plaintiffs.

21. The Defendant knew or should have known that said conduct was improper.

22. Defendant Sentry negligently failed to train and supervise collectors in order to prevent said improper conduct.

23. Defendant Sentry negligently failed to train and supervise collectors on the FDCPA as it relates to communications with consumers and third parties.

24. As a result of the Defendant's negligence, the Plaintiff suffered embarrassment, worry, anxiety, nervousness, and mental anguish.

## COUNT THREE
## RECKLESS AND WANTON TRAINING AND SUPERVISION

25. The Plaintiff adopt the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

26. The Defendant knew or should have known of the conduct set forth herein which was directed at and visited upon the Plaintiff.

27. The Defendant knew or should have known that the said conduct was improper and illegal.

28. Defendant Sentry recklessly and wantonly failed to train and supervise collectors in order to prevent said improper illegal conduct.

29. Defendant Sentry recklessly and wantonly failed to train and supervise collectors on the FDCPA as it relates to communications with consumers and third parties.

30. As a result of the Defendants' recklessness and wantonness, the Plaintiff suffered worry, anxiety, nervousness, and mental anguish.

## COUNT FOUR
## INVASION OF THE RIGHT OF PRIVACY

31. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

32. The Defendant undertook and/or directed communications to the Plaintiff constituting an invasion of privacy, as set out and described in the common law of the State of Alabama. Said communications were made in disregard for Plaintiff's right to privacy. Said communications were made to force, coerce, harass, embarrass and/or humiliate the Plaintiff into paying a debt.

33. Said invasions were intentional, willful, and malicious, and

violated the Plaintiff's privacy. The Plaintiff avers that the communications were made by individuals who were the employees of and/or acting on behalf of Sentry.

34. Said communications constitute the wrongful intrusion into her solitude and seclusion.

35. As a proximate consequence of said invasion of the right of privacy, the Defendant has caused the Plaintiff to suffer embarrassment, worry, humiliation, anxiety, nervousness, and mental anguish.

## AMOUNT OF DAMAGES DEMANDED

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands a judgment against the Defendant as follows:

A. Declaratory judgment that the Defendant's conduct violated the FDCPA;

B. Statutory damages of $1,000 from the Defendant for the violations of the FDCPA (15 U.S.C.§ 1692k);

C. Actual damages for the Defendant's violations of the FDCPA;

D. Costs and reasonable attorney's fees from the Defendant pursuant to 15 U.S.C. § 1692k;

E. Compensatory and punitive damages against Defendant on Plaintiff's state law claims for damages due to the Negligent Training and Supervision, Reckless and Wanton Training and Supervision; and Invasion of Privacy, and

F. Such other and further relief that this Court deems necessary, just and proper.

_____
W. Whitney Seals

Attorney for Plaintiff
**OF COUNSEL:**
Pate & Cochrun, L.L.P.
P.O. Box 10448
Birmingham, AL 35202-0448
(205) 323-3900
(205) 323-3906 (facsimile)

_____
Michael W. Lindsey

Attorney for Plaintiff
**OF COUNSEL:**
Lindsey Law Firm, LLC
One Perimeter Park South, Ste 330 N
Birmingham, AL 35243
(205) 970-2233
(205) 278-8522 (facsimile)

**PLAINTIFF REQUESTS THAT DEFENDANT BE SERVED A COPY OF THIS COMPLAINT BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED TO THE FOLLOWING ADDRESS:**

Sentry Credit, Inc.
c/o G & D, Inc.
Pier 70
2801 Alaskan Way, Ste. 300
Seattle, WA 98121-1128

# SENTRY CREDIT, INC.
## 2809 Grand Ave.
## Everett, WA 98201
## (800) 608-2581

*July 9, 2008*

*0001099055*
*Jan M Thompson*
*609 FOUNDERS PARK DR W*
*BIRMINGHAM, AL 35226*

CREDIT GRANTOR: *NORDSTROM FSB*

Client account number: *206830262*

| | |
|---|---|
| $2,354.26 | **PRINCIPLE DEBT** |
| $0.00 | **ACCRUED INTEREST** |
| $0.00 | **OTHER COSTS** |
| $2,354.26 | **TOTAL BALANCE** |

Above is a statement of your account that has been assigned to our office for collection. If payment in full has not already been made, please send it at this time.

This is an attempt to collect a debt and any information obtained will be used for that purpose.

Respectfully,

| | |
|---|---|
| Kelly Wilson | Jennifer Bergen |
| Davina Avra | Candice Dowells |
| Andre Duran | CC Hayes |
| Ryan Hydorn | Matt Paul |
| Carlin Taylor | Ricky Umipig |



JAN THOMPSON
PLEASE CALL SHANA
AT (425) 258-5188
A.S.A.P.
George King (608)
ADDRESS

